**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| DONALD ANDERSON, as Special Administrator of the ESTATE OF DONNA K. HOPKINS, et al., )<br>)<br>)<br>)<br>Plaintiffs,          )<br>)<br>v.                                                     )<br>)<br>AMIR M. FRIEDMAN, M.D.,       )<br>)<br>Defendant.      )<br>                                                    ) | Case No. 06-1213-MLB |

## MEMORANDUM AND ORDER

This matter is before the court on defendant's motion for a protective order. Specifically, defendant seeks an order prohibiting plaintiffs from "asking questions that call for expert opinions." (Doc. 42). Plaintiffs oppose the motion. For the reasons set forth below, the motion shall be DENIED.

### Background

This is a medical malpractice action. Highly summarized, plaintiffs allege that Donna Hopkins developed signs and symptoms of cervical cancer in late 2003 which defendant negligently failed to diagnose and treat. Ms. Hopkins died on October 6, 2006 from cervical cancer. Dr. Friedman generally denies that he was negligent and specifically denies "any

departure below accepted standards of practice." Defendant's Answer, Doc. 33, para. 12.

### Defendant's Motion for a Protective Order

The parties are preparing for Dr. Friedman's video deposition and plaintiffs' counsel apparently plans to ask questions that call for the defendant doctor to render expert opinion testimony regarding the standard of care in this case. Defendant moves for a protective order precluding any questions that call for expert testimony, including hypothetical questions concerning the standard of care. Dr. Friedman contends that compelling him to answer questions calling for expert testimony "contravenes the federal rules of civil procedure and evidence" and is "patently unfair." As explained in greater detail below, defendant's arguments are not persuasive.

Defendant cites Wreath v. U.S., 161 F.R.D. 448 (D. Kan. 1995) in support of his motion for a protective order. Wreath addressed the issue of whether a doctor who was a ***non-party fact witness*** was required to provide a Rule 26(a)(2)(B) expert report. However, the issue before this court is whether a ***defendant doctor*** can avoid answering questions concerning the standard of care and Wreath is inapposite. Defendant also cites Raney-Neises v. H.C.A. Health Service of Kansas, Inc., (Case No. 99 C 3157, 18th Judicial Dist., Order, filed May 25, 2004 (unpublished)). Again, Raney-Neises involved ***non-party fact witnesses*** who had not been retained as expert witnesses and it does not address the issue of whether a protective order is appropriate for a ***defendant doctor***.

Defendant's legal citations do not support his argument that deposition questions ***of***

*the defendant* concerning the standard of care "contravene the federal rules of civil procedure and evidence." Equally important, defendant denies plaintiffs' allegation that he was negligent; thus, it is not "patently unfair" to allow questions exploring Dr. Friedman's knowledge of the standard of care and whether he provided treatment consistent with the applicable standard. Accordingly, defendant's motion for a protective order shall be denied.

**IT IS THEREFORE ORDERED** that defendant's motion for a protective order **(Doc. 42)** is **DENIED.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 19th day of September 2007.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge